John F. Casey, Esq. (NJ ID: 019961984)
Christopher W. Gerold, Esq. (NJ ID: 040602005)
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY GIORDANO and LAURA GIORDANO,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs Gary Giordano and Laura Giordano, owners of real property located at 10 Amherst Drive, Bayville, New Jersey, by way of complaint against the Defendant Allstate Insurance Company, with its principal place of business located at 2775 Sanders Road, Northbrook, Illinois ("Defendant"), say:

### PARTIES

1. Plaintiffs are individuals and owners of real property located at 10 Amherst Drive, Bayville, New Jersey ("Insured Property") and have been at all times material to the allegations set forth in the Complaint.

2. The Defendant is a private insurance company and participates in FEMA's "Write Your Own" (WYO) program. Defendant issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the

6265420.1

Plaintiffs. Pursuant to 44 C.F.R. § 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy, including claims for Increased Cost of Compliance.

## JURISDICTION AND VENUE

3. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. § 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiffs, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. § 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. § 1331.

4. The Insured Property is located in the District of New Jersey and venue is proper in this Court pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## FACTUAL ALLEGATIONS

5. On or about October 28, 2012, the storm surge and tidal water of Meteorological Event Sandy directly caused the inundation of the Insured Property and the surrounding area causing flood waters to enter the building on the Insured Property. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to the building on the Insured Property and incurred expenses for debris removal and safe storage of property.

6. Prior to Meteorological Event Sandy, Defendant had issued an SFIP to the Plaintiffs for a one (1) year period, whereby Defendant agreed to pay the Plaintiffs for any direct physical loss to the Insured Property caused by or from a "flood" as defined by the policy. This policy was in full force and effect at the time of Meteorological Event Sandy.

7. In lieu of attaching the policy hereto, Plaintiffs incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. § 61, Appendix A(1),

which is the policy issued by Defendant to Plaintiffs during the above-referenced time period.

8. The SFIP issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling and other structures as described under Coverage A; flood damage to the Plaintiffs' contents and personal property under Coverage B; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D (also known as Increased Cost of Compliance or I.C.C.).

9. Plaintiffs timely notified the Defendant of their loss and the claim was inspected and adjusted by or on behalf of the Defendant. The claim was denied, in whole or in part.

10. The Plaintiffs disagreed with the denial or partial denial of the claim and alleged that any payments made to Plaintiffs did not fully compensate Plaintiffs for the direct physical losses sustained as a result of the flood.

11. On March 12, 2014, Plaintiffs filed a lawsuit against Defendant in New Jersey District Court for breach of contract for failure to pay the full amount due under the policy - <u>Giordano et al v. Allstate Insurance Company</u>, Docket No. 3:14-cv-01604-PGS-DEA. The matter was resolved pursuant to a Compromise Settlement & General Release signed on October 20, 2015 by Plaintiffs with a specific carve-out for the filing of I.C.C. benefits.

12. The above described SFIP was in full force and effect at the time of the Plaintiffs' loss and Plaintiffs have performed all conditions precedent, including the submission of a signed and sworn I.C.C. Proof of Loss with supporting documentation, that Plaintiffs hereby incorporate by reference herein, entitling Plaintiffs to the coverages, payments, and benefits afforded by said policy.

## COUNT I

## BREACH OF CONTRACT

13. The Defendant has failed or refused to pay the full amount due under the policy, specifically I.C.C. benefits, and has otherwise failed or refused to comply with the terms and provisions of the policy.  As a result thereof, the Defendant has breached the contract of insurance herein described.

14. As a direct and proximate consequence of the Defendant's breach of said contract, Plaintiffs have not been fully paid or compensated.  Further, Plaintiffs have and will incur attorney fees, costs and expenses to prosecute this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for an amount up to and including the coverage limits under Coverage D; any and all other amounts payable under said policy; the costs of filing this action; and, any and all other appropriate relief to which Plaintiffs may be entitled.  Further, Plaintiffs demand judgment against Defendant for all attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Plaintiffs


By:  *s/ John F. Casey*
     JOHN F. CASEY

Dated:  October 19, 2016

## LOCAL RULE 11.2 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

                                              CHIESA SHAHINIAN & GIANTOMASI PC
                                              Attorneys for Plaintiffs

                                              By:    *s/ John F. Casey*
                                                              JOHN F. CASEY

Dated:  October 19, 2016

6265420.1